# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re LYNN MARIE BUCK,<br><br>    Debtor. | Chapter 7<br>08-43918-HJB |
| L. JED BERLINER,<br><br>    Appellant,<br><br>    v.<br><br>DENISE PAPPALARDO, Chapter 13 Trustee,<br><br>    Appellee. | Bankruptcy Appeal No.<br>10-40163-FDS |
| In re JANICE GROCCIA,<br><br>    Debtor. | Chapter 7<br>08-43919-HJB |
| L. JED BERLINER,<br><br>    Appellant,<br><br>    v.<br><br>DENISE PAPPALARDO, Chapter 13 Trustee,<br><br>    Appellee. | Bankruptcy Appeal No.<br>10-40165-FDS |

### MEMORANDUM AND ORDER ON APPEAL FROM BANKRUPTCY COURT AND APPELLEE'S MOTIONS TO STRIKE

**SAYLOR, J.**

    This opinion considers consolidated appeals from orders of the United States Bankruptcy

Court for the District of Massachusetts. L. Jed Berliner, counsel for debtors Lynn Marie Buck and Janice Groccia, challenges the denial of his request for attorney's fees and expenses and the court's order of disgorgement. Appellee Chapter 13 Trustee moved to strike the exhibits attached to appellant Berliner's supplemental memorandum and reply brief.

For the reasons set forth below, the motions will be granted in part and denied in part, and the orders of the Bankruptcy Court will be reversed and the cases remanded for further proceedings consistent with this opinion.

## I. Background

The following facts are drawn from the bankruptcy court filings and the designated record on appeal.

Janice Groccia and Lynn Marie Buck are mother and daughter, respectively. Buck suffers from debilitating head injuries. As of November 2008, they lived together in a jointly owned home in Sterling, Massachusetts. The estimated value of the house was $220,000, encumbered by a $186,000 mortgage but current as to payments. They also owned two cars, worth $6,870 and $7,360, and had a checking account in the amount of $2,085.07. Groccia, a 72-year-old widow, had a gross monthly income of $2,342.29, mostly from Social Security payments and some retirement accounts. Buck had a gross monthly income of $802.96, which her mother supplemented.

Groccia and Buck sought the assistance of attorney L. Jed Berliner in filing for bankruptcy. He advised them that they could file a petition under Chapter 7 of the Bankruptcy Code, which would require immediate payment of $2,484, including $2,000 in attorney's fees and costs, or under Chapter 13, in which the attorney's fees would be greater but could be paid

over a three-year period.[1]

On November 28, 2008, Berliner filed bankruptcy petitions under Chapter 13 on behalf of Groccia and Buck. The petitions disclosed a monthly net income of $130, based on estimates of combined expenses in the amounts of $100 for food; $0 for clothing; $3 for laundry and dry cleaning; $5 for medical and dental expenses; $13 for transportation expenses; and $0 for recreation. Under the proposed plan, over 36 months, Groccia would pay $130 monthly to the Chapter 13 trustee, who over the same period would disburse $252.98 on the claims of unsecured creditors (which totaled $48,491); $468 to the Chapter 13 trustee ($439.88 attributable to commissions on account of payments made to Berliner); and $3,959 to Berliner. Similarly, Buck would pay $130 monthly, and the trustee would disburse $253.01 on the claims of the unsecured creditors (which totaled $20,252); $468 to the Chapter 13 trustee ($439.88 attributable to commissions on account of payments made to Berliner); and $3,959 to Berliner.

---

[1] As Judge Ponsor has explained:

> Under a Chapter 7 bankruptcy plan, the bankruptcy trustee takes control of all of the debtor's non-exempt property, liquidates it, and distributes the proceeds equitably among the debtor's creditors. 11 U.S.C. § 725. Because Chapter 7 bankruptcy leaves the debtor with no assets, it is a remedy primarily utilized by debtors who have very limited assets, are in the most dire financial straits, and who seek immediate relief from creditors. After surrendering all non-exempt assets to the trustee, the debtor's remaining dischargeable debts are discharged, providing the debtor with a nearly immediate fresh start.
>
> Appellant expects clients who are filing for Chapter 7 bankruptcy to pay their fee prior to the actual filing, because their debt to him would be discharged along with all others once they surrendered their assets to the trustee. There appears to be no contest that this is a standard and accepted, though perhaps not universal, practice employed by attorneys representing debtors in Chapter 7 proceedings.
>
> Under a Chapter 13 plan, on the other hand, where a debtor retains some of his assets in exchange for repaying his creditors, the attorney becomes one of the creditors and may be paid over the three-to-five year period prescribed by the repayment plan. 11 U.S.C. § 1322. Chapter 13 plans that include insignificant repayments to creditors and primarily enable a debtor to pay his debt to his attorney are referred to as "fee-only" Chapter 13 plans.

*In re Puffer*, 453 B.R. 14, 16-17 (D. Mass. 2011) (case citations omitted) *rev'd and remanded*, 674 F.3d 78 (1st Cir. 2012).

The Chapter 13 trustee objected to confirmation of the proposed plans on the ground that the plans did not appear to be in the debtors' best interests. She asserted that petitions under Chapter 7 would be more appropriate and have a lower cost. The Bankruptcy Court held a hearing on those objections and took the matter under advisement. The trustee also moved to dismiss the cases or convert them to Chapter 7.

Before the Bankruptcy Court ruled on the objections and motions, Groccia and Buck requested conversion of their cases to Chapter 7. The cases were then converted and subsequently Groccia and Buck received discharges under Chapter 7.

Prior to discharge, Berliner filed fee applications in each case, seeking fees and costs of $4,459 in each. On July 9, 2010, the Bankruptcy Court issued its opinion. The Court found that "it is overwhelmingly likely that each debtor would have retained all of her prepetition assets and received a prompt Chapter 7 discharge," but that the debtors instead had been counseled by attorney Berliner to choose a Chapter 13 bankruptcy "solely in order to pay their attorneys' fees." *In re Buck*, 432 B.R. 13, 21 (Bankr. D. Mass. 2010). Such plans pose "substantial" risks to the debtors and "create unjustifiable burdens on the trustee." *Id.* The Bankruptcy Court concluded that "Chapter 13 plans in which all or virtually all of the funds to be distributed are paid only to Debtors' counsel unquestionably fail to meet any fair interpretation of the term 'good faith' in §§ 1325(a)(3) and (7)." *Id.* at 22. The Court stated that it would apply the lodestar approach to determine reasonable compensation, and found that "payment of compensation in any amount would be an inappropriate reward." *Id.* at 24. Accordingly, he allowed fees of $299 in each case—the cost of filing a Chapter 7 petition in November 2008—and ordered Berliner to disgorge any balances to the respective debtors.

On July 23, 2010, Berliner filed an appeal of the Bankruptcy Court's fee order with this

4

Court. For a period of time, the case was held in abeyance while a similar case, *In re Puffer*, 674 F.3d 78 (1st Cir. 2012), was under consideration. Upon reinstatement, attorney Berliner has narrowed his appeal to the single issue of whether the Bankruptcy Court abused its discretion in disallowing fees and ordering disgorgement. He filed a supplemental memorandum, attached to which were two exhibits, and later filed a reply brief, attached to which were six exhibits. On March 17, 2014, without first conferring with opposing counsel, the Chapter 13 Trustee filed two motions to strike those exhibits. Berliner requests that this Court exercise its discretion to award him fees and expenses in the amount of $4,959 in each case and that it deny the motions to strike.

## II. Jurisdiction

This Court has jurisdiction to hear appeals from final judgments, orders, and decrees of the Bankruptcy Court. 28 U.S.C. § 158(a)(1). The Bankruptcy Court's findings of fact are reviewed for clear error, its conclusions of law are reviewed *de novo*, and its quantification of fees are reviewed for abuse of discretion. *In re Hill*, 562 F.3d 29, 32 (1st Cir. 2009); *Prebor v. Collins* (*In re I Don't Trust*), 143 F.3d 1, 3 (1st Cir.1998) (per curiam). This Court "may affirm, modify, or reverse [the Bankruptcy Court's order] or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013.

## III. Analysis

### A. Motions to Strike

As an initial matter, Local Rule 7.1 provides that "[n]o motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." Appellee's motions do not contain such a certification, and appellant represents that

5

the parties did not confer prior to the filing of the motions. While the Court expects counsel to follow the rules in the future, it will, in the exercise of its discretion and under present circumstances, consider the motions on the merits.

Exhibits A and B of the Supplemental Memorandum and C of the Reply Brief are signed orders of Bankruptcy Judge Boroff in *In re Puffer*. Exhibit B of the Reply Brief is a signed order of the Bankruptcy Court for the Middle District of Tennessee, and Exhibit A appears to be a proposed plan in that case, signed and dated by the debtor's attorney. Exhibit F is a transcript of a hearing in *In re Kusek* before Bankruptcy Judge Boroff that has been signed and certified by the transcriber. Appellee contends that appellant failed to designate them as part of the record on appeal pursuant to Fed. R. App. Pro. 6(b)(2)(B) and that they are unrelated. Appellant counters that designation was unnecessary because they are persuasive legal authority and that he included them as a courtesy to the Court. As no reason to doubt their authenticity is apparent, the Court will accept them for that limited purpose.

Exhibit D purports to be a transcription of a July 18, 2010 meeting of creditors in the Groccia case, but it is not signed, dated, or certified. Exhibit E purports to be a record of payment receipts for Buck and Groccia that likewise is not signed or dated. Appellee raises the same objections to exhibits D and E. Appellant concedes that the documents were not made part of the record on appeal but requests that they be included "in the interest of justice." (Opp. Mot. Strike Reply Brief at 5, 7). Appellant failed to designate the documents as Bankruptcy Rule 8006 requires, and inclusion of the exhibits would not serve the interest of justice here.

Accordingly, appellee's motion to strike the reply brief will be granted as to exhibits D and E of the Reply Brief and otherwise denied, and her motion to strike the brief will be denied.

B.     **Bankruptcy Appeal**

The Bankruptcy Code provides that a court "may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section." 11 U.S.C. § 330(a)(4)(B); *see also* Fed. R. Bankr. P. 2016. Generally, bankruptcy courts apply the lodestar approach to determine the appropriate fees. *Boston & Maine Corp. v. Moore*, 776 F.2d 2, 6-7 (1st Cir. 1985). They have broad discretion in making that determination, *In re: I Don't Trust*, 143 F.3d 1, 3 (1st Cir. 1998), but applying the incorrect legal standard is an abuse of discretion. *In re Puffer*, 674 F.3d at 83.

Here, the Bankruptcy Court held that attorney Berliner's fee-only Chapter 13 plans were *per se* submitted in bad faith, in violation of 11 U.S.C. § 1325(a)(3). *In re Buck*, 432 B.R. at 21-22. That Court applied the lodestar approach but disallowed almost all fees, premised on its finding of bad faith. *Id.* at 22-24.

However, since issuing that opinion, the First Circuit has clarified that fee-only plans are not bad faith *per se*. Instead, such plans may be justified in "special circumstances," and whether the debtor and her attorney acted in good faith must be evaluated based on a "totality of the circumstances." *In re Puffer*, 674 F.3d at 83. That is not the standard that the Bankruptcy Court applied, and, accordingly, this Court will vacate the fee award and remand for further proceedings consistent with the First Circuit's opinion in *In re Puffer*, 674 F.3d 78 (1st Cir. 2012).[2] Of course, the Bankruptcy Court may make a finding of bad faith, or conclude that no

---

[2] Appellant may have conceded that no special circumstances exist in the present cases. (*See* Reply Mem. at 2 ("It should also be noted that while the appellant is not pursuing the issue of whether or not Buck and Groccia has 'special circumstances', they did have circumstances which led them to make the informed decision to file a fee-only Chapter 13 bankruptcy, albeit perhaps not 'special.'")). However, because the bankruptcy petitioners were filed

special circumstances exist; but it must apply the correct standard. The Court expresses no view as to what ultimate decision may be correct.[3]

## IV. Conclusion

For the foregoing reasons, appellee's motion to strike appellant's brief is DENIED; appellee's motion to strike appellant's reply brief is GRANTED as to exhibits D and E and otherwise DENIED; and the Bankruptcy Court's order is VACATED and the case is REMANDED for further proceedings consistent with this opinion.

**So Ordered.**

                                                        /s/ F. Dennis Saylor
                                                      F. Dennis Saylor IV
Dated: April 2, 2014                               United States District Judge

---

prior to the filing of Puffer's and to the First Circuit's decision in his case, it may be appropriate to award appellant fees. *See In re Puffer*, 494 B.R. 1, 8 (D. Mass. 2013) (granting fees because attorney's conduct "should not be viewed through the prism of hindsight nor should he be sanctioned for doing something that fell comfortably within the range of what many bankruptcy lawyers (and judges) at the time would have thought reasonable").

[3] Appellant urges this Court, in exercise of its discretion, to award him the requested fees and costs. Because the Bankruptcy Court is in a much better position to determine the appropriate award, this Court declines to follow that suggestion.